## Sachem Petroleum Co. v. Fox et al.

*Wallace M. Keely,* for complainant.

*E. F. Slough,* for respondents.

DANNEHOWER, J., August 6, 1941.—This is a bill in equity brought by the owner of certain land to restrain defendants from removing a one-story steel, stucco and plaster building, used as a gasoline service station, from said land. An answer was filed averring that one of the defendants, Norman A. Matthews, is the owner of the building, which is not a fixture, and praying that the bill be dismissed.

The bill and answer raise the following

### Issue

Is said building a fixture and as such a part of the realty, which passed under the deed from Clara P. Walton to plaintiff corporation, or is said building personal property, which passed under a bill of sale from George W. Fox to Norman A. Matthews?

After considering with care the notes of testimony, exhibits, and briefs submitted, there are made from the evidence the following

### Findings of fact

1. In 1902, George W. Fox, at 220 East Airy Street, Norristown, Pa., on ground leased by him, constructed a one-story steel frame, stucco and plaster building, 20 feet by 24 feet, which was used in connection with a gasoline service station. Said building was separated

from the ground by a wooden runway located on pipe rollers.

2. On July 1, 1935, George W. Fox, for $500 in cash, sold said building by a written bill of sale to a colored customer, Norman Matthews, with the oral understanding that George W. Fox would continue to use and rent said building at a monthly rental of $10, which rental Fox has duly paid since that time, and which amounts to over $660.

3. On August 30, 1935, Harry M. Walton and Clara P. Walton, his wife, entered into an agreement to sell to Emma J. Fox, wife of George W. Fox, a certain piece of land, known as 218 East Airy Street, and adjoining the gas station leased by George W. Fox, for $3,500. Attached to the sales agreement was a lease for a term of 10⅔ years, providing for semi-annual payments of $150.

4. George W. Fox and his wife entered into possession of said premises on September 1, 1935, and, with the permission of Norman Matthews, George W. Fox moved said building from 220 to 218 East Airy Street, where he operated a service station.

5. A small excavation was made under the building, which was still supported on iron pipe, water and electric service was connected, and the lower part of the building was surrounded by a brick wall foundation which was plastered. As the building now stands, the cellar has been filled in, and the rollers cannot be seen from the outside, since bricks were placed under the building as added support, and plastered over.

6. By virtue of the terms of said agreement of sale and lease, on July 29, 1940, an amicable action in ejectment was brought for the recovery of possession and judgment was obtained against the said Emma J. Fox for the premises, which had been continuously operated as a gasoline filling station by her husband, George W. Fox.

7. An attempt was made to open the judgment, but the rule was discharged by the court.

8. On January 22, 1941, George W. Fox and Emma J. Fox released all their right, title, or interest in the premises and buildings thereon by virtue of the agreement of August 30, 1935, and delivered possession to Clara P. Walton for the sum of $200.

9. By deed dated February 4, 1941, Clara P. Walton sold and conveyed said premises to the Sachem Petroleum Company, the plaintiff, which leased them to the Eastern Petroleum Company, lessee, which sublet to George W. Fox. Both leases have now expired.

10. On February 26, 1941, the building inspector of the Borough of Norristown issued a permit to Tony Pasquale as contractor and George W. Fox as owner, to move said building back to 220 East Airy Street. This permit was revoked and later reinstated.

11. Said building has not been removed and remains on premises 218 East Airy Street, owned by plaintiff.

### Discussion

Neither George W. Fox nor his wife, Emma J. Fox, defendants, claims any right, title, or interest in the building, because they executed a release and delivered over possession of the premises. Norman S. Matthews, one defendant, contends that he is the owner of said building, having purchased it from George W. Fox by a written bill of sale on July 1, 1935, and thereafter rented it to Fox for $10 a month. Fox then removed this building to adjoining property which his wife was buying under an agreement of sale and lease from Harry M. and Clara Walton.

Therefore, the question, whether or not this building is a fixture, is not one between landlord and tenant, but between the alleged owner of the building, who permitted his lessee to remove it to land now owned by a third-party purchaser. For six years Matthews permitted Fox to use the building, which was supplied by water and electricity, had a small excavation beneath it, and was placed upon a brick wall foundation, which

was plastered over. Such physical annexation to the freehold shows an intention to make the building a permanent improvement to the real estate, taking into consideration all the surrounding circumstances, including the nature of the real estate, the nature of the fixture, the character of the annexation, and the probable damage resulting from a removal.

Matthews' rights, as the alleged owner of the building, can rise no higher than the rights of George W. Fox, to whom he rented: Overton v. Williston, 31 Pa. 155. Matthews knew, or should have known, that his building was permanently attached to the real estate and that Fox's rights would terminate at the expiration of the lease. It was the duty of Matthews, under the circumstances, to remove his building prior to the expiration of the Fox lease, and certainly prior to the sale to the Sachem Petroleum Company: Schock v. Vogle, 18 Lanc. L. R. 257.

Defendants argue, however, that since the building is on iron pipe, like rollers, it is not a part of the realty. It has, however, been definitely settled that physical annexation to realty is not necessary to convert a chattel into a fixture: Morris' Appeal, 88 Pa. 368.

It would be most unjust to the purchaser of real estate upon which there is a building such as this, on a brick foundation, if, after paying the purchase price, a third party, not a tenant or mortgagor, could thereafter claim the building as his, against such purchaser.

The chancellor has some doubt as to the bona fides of the sale of the building to Matthews by Fox, notwithstanding the written bill of sale offered in evidence. At any rate, Matthews has received more in rent than he paid for the building.

In the light of the foregoing discussion there are drawn the following

### Conclusions of law

1. Said building is a fixture and so attached to the realty as to become part of it, and title passed under

the deed from Clara P. Walton to the Sachem Petroleum Company, plaintiff.

2. Defendants, Emma J. Fox and George W. Fox, her husband, and Norman A. Matthews, their agents, servants and employes, are enjoined from removing said building from said plaintiff's premises.

3. Defendants should pay the costs.

### Decree nisi

And now, August 6, 1941, upon consideration of the foregoing case, it is ordered, adjudged, and decreed as follows:

The prothonotary will enter the following decree nisi:

1. George W. Fox, Emma J. Fox, and Norman A. Matthews, defendants, their servants, agents, and employes, are restrained and enjoined from removing a one-story steel frame, stucco and plaster building from lands known as 218 East Airy Street, Norristown, Pa., owned by the Sachem Petroleum Company, plaintiff;

2. Defendants shall pay the costs.

The prothonotary is further ordered and directed to give counsel in the case notice as required by the Rules of Equity Practice, that, unless exceptions are filed within 15 days from the giving of such notice, the decree entered above nisi, will become the final decree as of course.